IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| P.C.<br><br>         Plaintiff,<br>   vs.<br><br>D FORT HOTEL, LLC.<br><br>         Defendants. | Case No.: 1:24-cv-1584<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT**

COMES NOW the Plaintiff P.C., by and through the undersigned counsel, and respectfully, submits his Complaint for damages and makes the following averments.

**INTRODUCTION**

1. This action for damages is brought by P.C. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. D FORT HOTEL, LLC ("Defendant") was the owner and operator of the subject premises and subject hotel located at 3900 East Mulberry St. State Hwy 14, Fort Collins, CO 80524 during the relevant time period, and prior thereto, and as such responsible for the subject hotel doing business as the Motel 6 Fort Collins.

3. Sex trafficking is defined under 22 U.S.C. § 7102 (11) as "The recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act, in which the commercial sex act is induced by force, fraud, or coercion, or

in which the person induced to perform such an act has not attained 18 years of age."

4. Plaintiff born a male in 1989 identifies as a transgender female referred to hereinafter by pronoun "she/her".

5. Plaintiff was trafficked as a transgender female.

6. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker to engage in commercial sex at the subject hotel in 2022. She was psychologically and physically prohibited from escape from her trafficker.

7. Per Polaris, young adults who are lesbian, gay, bisexual, and transgender are at particular risk for being prey to sex traffickers. (See, https://polarisproject.org/wp-content/uploads/2019/09/LGBTQ-Sex-Trafficking.pdf)

8. The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act. Section 1595 of the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C. § 1595.

9. As it pertains to the subject Defendant, Plaintiff was sex trafficked at the aforesaid hotel by her trafficker in 2022.

10. Sex trafficking occurred at this subject hotel in 2022 and, upon information and belief, prior thereto.

11. As a hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and

guidelines for its subject property where Plaintiff was sex trafficked.

12. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

13. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

14. Before and during the relevant time period Defendant failed to implement sufficient educational and training programs on sex trafficking within its business chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel.

15. During the time period of trafficking of the Plaintiff at the subject hotel which occurred in 2022, Defendant failed to act upon the obvious and overt signs alerting them to the sex trafficking taking place at this subject hotel including as to Plaintiff herein.

16. Had the Defendant timely and properly implemented policies and procedures common and reasonably accepted in the hospitality industry concerning anti-trafficking, safety and security it is more likely than not that the injuries suffered by the Plaintiff at the subject hotel would have been prevented or mitigated.

17. Due to the failure of Defendant to timely and properly implement anti-trafficking policies and practices, Plaintiff was repeatedly victimized and trafficked for sex on Defendant's premises

in violation of the TVPRA.

**PARTIES**

18. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

19. Plaintiff is currently a resident of the State of Arizona.

20. As it pertains to this Defendant, Plaintiff was sex trafficked at the "subject hotel" located at 3900 East Mulberry St. State Hwy 14, Fort Collins, CO 80524 which occurred in 2022.

21. At all times relevant and material, Defendant D FORT HOTEL LLC., d/b/a MOTEL 6 FORT COLLINS located at 3900 East Mulberry St. State Hwy 14, Fort Collins, CO 80524 was authorized to do, licensed to do, and was doing business in the State of Colorado offering the subject hotel as a place of public lodging.

22. Upon information and belief, Defendant D FORT HOTEL, LLC is a Limited Liability Company and may be served with process by serving its registered agent Colorado Registered Agent at 1942 Broadway Ste 314C, Boulder, CO 80302.

**JURISDICTION AND VENUE**

23. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and Defendant conducts business within this District

pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

### A. VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

25. In support of her action against Defendant, Plaintiff adopts and incorporates by reference paragraphs 1-24 set forth above as if fully set forth herein.

26. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against the above-captioned Defendant.

27. Plaintiff is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

28. As it pertains to this Defendant, Plaintiff was sex trafficked at D FORT HOTEL LLC., located at 3900 East Mulberry St./State Hwy 14, Fort Collins, CO 80524 in 2022.

29. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil Defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil Defendant.

30. Plaintiff's sex trafficker deliberately and repeatedly selected the subject hotel as a venue to engage in sex trafficking in 2022.

31. Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2022.

32. Defendant rented rooms to individuals it knew or should have known were engaged in the sex trafficking of those who are transgender, women, and men, and Plaintiff in particular, in violation of the TVPRA.

33. The rental of a hotel room constitutes a financial benefit from a relationship with the trafficker sufficient to meet "financially benefitted" element of the §1595(a) standard.

34. Plaintiff's trafficker took proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

35. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

36. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

37. During the time that Plaintiff was trafficked at the subject hotel in 2022, Plaintiff's trafficker had direct interaction with hotel employee(s) and staff by means of paying or compensating employee(s) and staff member(s) to act as lookout(s)/informant(s) for Plaintiff's

trafficker so as to inform the trafficker of police activity or other similar type alerts.

38. In this case, during the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA.

39. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

40. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit.

41. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

42. This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

43. A continuous business relationship existed between the subject hotel, its agents, employees and staff, and Plaintiff's trafficker, in part, in that the hotel repeatedly rented rooms to individuals they knew or should have known were involved in sex trafficking on the premises, including as to the Plaintiff.

44. Plaintiff's trafficker had prior commercial dealings with the subject hotel which the trafficker and Defendant wished to reinstate for profit when Plaintiff's trafficker repeatedly rented rooms that were used for trafficking of victims including Plaintiff.

45. Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as they related to Plaintiff due to the many red flags then and there existing, including but not limited to: (a) constant foot traffic of sex buyers to the trafficker rented rooms to have sex with trafficked victims; (b) trafficked victims would walk around hotel grounds

drug impaired and alcohol impaired, sleep impaired, hygiene impaired, behavior impaired, with bruises, and malnourished and in sexually explicit clothing; (c) suspicious individuals loitering outside the hotel rooms when a sex buyer would enter a room; (d) inside the hotel rooms rented by the trafficker (or at the direction of the trafficker) there was a suspicious bunch of people and suspicious items including weapons, cash, drugs, drug paraphernalia, condoms, lubricants which was observed by housekeeping staff and in plain sight of housekeeping staff; (e) trafficker monitoring hotel hallway or door of room or walking hotel perimeter; (f) Plaintiff, P.C. soliciting for sex buyer business in common areas of the subject hotel at the direction of the trafficker; and (g) other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

46. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including as set forth in paragraph 45 above.

47. Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

48. When being trafficked at the subject hotel during 2022 Plaintiff interacted with Defendant's staff on a daily basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker, as well as a steady procession of sex buyers going in and out of the subject rented rooms, contemporaneous with above other signs and indicators of trafficking occurring on the subject premises.

49. Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

50. This hotel, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

51. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing his severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

52. As a direct and proximate result of Defendant's multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

53. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

### B. COUNT II – NEGLIGENCE

54. Plaintiff sets forth an action for Negligence against the above captioned Defendant.

55. In support of her action against Defendant, Plaintiff adopts and incorporates by reference all paragraphs contained in this Complaint, 1-53, as if fully set forth herein.

56. At all times relevant, Defendant owed a duty to protect Plaintiff and she was a guest and invitee on the subject property.

57. Defendant violated its duty to Plaintiff and was negligent and careless.

58. Due to the negligence of this Defendant, Plaintiff was caused to be sexually exploited, sexually abused, and sex trafficked on the subject hotel's premises in 2022.

59. At all times material to this Complaint, Plaintiff, while an invitee and/or otherwise present upon the premises of the subject hotel, did sustain injuries as a result of this Defendant and the criminal activity carried out at the subject hotel enabled by the negligence of Defendant.

60. Plaintiff was an invitee at the subject hotel and the criminal activity of sex trafficking on the premises was foreseeable in light of, but not limited to, prior instance(s) of law enforcement sting operation(s) pertaining to sex trafficking on the subject premises.

61. Defendant violated and breached their duty in regard to foreseeable criminal conduct by failing to timely and properly address such foreseeable criminal conduct thereby resulting in injuries to Plaintiff as a sex trafficked victim as set forth herein.

62. Defendant, individually and/or by and through its agents, servants, and/or employees, was

under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the subject hotel and Plaintiff in particular.

63. Defendant, individually and/or by and through its agents, servants, and/or employees, should have reasonably anticipated criminal conduct, and, in particular, sex trafficking and sexual exploitation of individual and, in particular the Plaintiff herein, by third parties, including other guests, invitees or persons at the subject hotel and timely and property implemented protocol and guidelines to prevent and/or mitigate same.

64. Defendant, individually and/or by and through its agents, servants, and/or employees, had a duty to take precautions against reasonably anticipated and foreseeable criminal conduct and, in particular, sex trafficking and sexual exploitation of individuals and in particular the Plaintiff herein, by third parties and to operate the subject hotel in a manner that did not endanger individuals on the grounds of the premises, including Plaintiff, who suffered as a sex trafficked victim at this particular hotel.

65. Defendant had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of sex trafficking and sexual exploitation on the premises at the subject hotel and in particular to Plaintiff herein.

66. Defendant, individually and/or by and through its agents, servants, and/or employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the subject premises, such as Plaintiff, could have been victimized by, or subjected to criminal activities, including, but not limited to, sex trafficking, sex abuse, and sexual exploitation, on the premises that would likely endanger her/their health, safety, and/or well-being.

67. Defendant, individually and/or by and through its agents, servants, and/or employees,

should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences and from information well known within the hotel industry in general, that persons on the premises of the subject hotel, such as but not limited to Plaintiff, would be sex trafficked and sexually exploited and thereby suffer serious bodily and mental harm as a result of being sexually victimized by violent crimes perpetrated by third parties on the premises of the subject hotel.

68. Defendant, breached its duty(ies) and was negligent, and careless individually and/or by and through its agents, servants, and/or employees including but not limited to the following ways:

    a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

    e. Failing to adequately control access to the premises;

    f. Failing to prevent entry of unauthorized individuals onto the premises;

    g. Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

    h. Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

    i. Failing to assign experienced security personnel to provide competent guard services at the subject hotel;

j. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the subject hotel;

k. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l. Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m. Failing to detect and respond to commercial sex activity and human sex trafficking at the subject hotel;

n. Failing to conduct adequate surveillance of the premises of the subject hotel;

o. Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p. Failing to respond and react to suspicious activity detected on video surveillance;

q. Failing to maintain surveillance equipment in proper working order;

r. Failing to test or properly test surveillance equipment to ensure it was in working order;

s. Failing to utilize appropriate and/or required surveillance equipment;

t. Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u. Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v. Failing to prevent Plaintiff from being trafficked on the premises;

w. Failure to monitor and make necessary changes to WIFI to prevent same from being used to conduct criminal activities on premises; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

69. By renting rooms to Plaintiff's sex trafficker, Defendant, individually and/or by and through its actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of trafficker committing commercial sex acts.

70. Defendant rented rooms to individuals it knew or should have known were engaged in the sex trafficking of those who are transgender, women, and men, and Plaintiff in particular, in violation of the TVPRA.

71. Defendant operated the subject hotel that rented rooms to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein.

72. During the time that Plaintiff was trafficked at the subject hotel in 2022, Plaintiff's trafficker had direct interaction with hotel employee(s) and staff by means of paying, befriending or compensating employee(s) and staff member(s) to act as lookout(s)/informant(s) for Plaintiff's trafficker so as to inform the trafficker of police activity or other similar type alerts.

73. This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

74. Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as they related to Plaintiff due to the many red flags then and there existing, including but not limited to: (a) constant foot traffic of sex buyers to the trafficker rented rooms to have sex with trafficked victims; (b) trafficked victims would walk around hotel grounds drug impaired and alcohol impaired, sleep impaired, hygiene impaired, behavior impaired, with bruises, and malnourished and in sexually explicit clothing; (c) suspicious individuals loitering outside the hotel rooms when a sex buyer would enter a room; (d) inside the hotel rooms rented by the trafficker (or at the direction of the trafficker) there was a suspicious bunch of people and suspicious items including weapons, cash, drugs, drug paraphernalia, condoms, lubricants which was observed by housekeeping staff and in plain sight of housekeeping staff; (e) trafficker monitoring hotel hallway or door of room or walking hotel perimeter; (f) Plaintiff, P.C. soliciting for sex buyer business in common areas of the subject hotel at the direction of the trafficker; and

(g) other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

75. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including as set forth in paragraph 45 above.

76. Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

77. When being trafficked at the subject hotel during 2022 Plaintiff interacted with Defendant's staff on a daily basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker, as well as a steady procession of sex buyers going in and out of the subject rented rooms, contemporaneous with above other signs and indicators of trafficking occurring on the subject premises.

78. Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

79. This hotel, during the relevant time period, could deny accommodation and/or eject a guest

for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

80. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

81. As a direct and proximate result of Defendant's multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

82. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel.

83. As a result of Defendant's negligence, Plaintiff was caused to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

84. As a result of the Defendant's negligence, Defendant breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the subject

hotel.

85. As a direct and proximate result of the aforementioned negligent acts, omissions, and/or commissions by the Defendant, Plaintiff was repeatedly and consistently sexually exploited, sexually abused and sex trafficked at the subject hotel and was otherwise irreparably injured, both physically and psychologically due to same.

86. As a direct and proximate result of the aforementioned negligent acts, omissions, and/or commissions by the Defendant, Plaintiff was repeatedly and consistently sexually exploited, sexually abused and sex trafficked as an adult at the subject hotel and was otherwise irreparably injured, both physically and psychologically due to same. Defendant acted outrageously and in disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Counts and as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) Past and future emotional distress;

c) Consequential and special damages;

d) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e) Disgorgement of profits obtained through unjust enrichment;

f) Restitution;

g) All damages allowable under the TVPRA;

h) Reasonable and recoverable attorney's fees;

i) Punitive damages with respect to each cause of action;

j) Costs of this action; and

k) Pre-judgement and all other interest recoverable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 6, 2024

        Respectfully submitted,

        /s/ Kelly Hyman
        Kelly Hyman, Co Bar # 51813
        THE HYMAN LAW FIRM, PA
        515 North Flagler Drive, Suite 350
        West Palm Beach, FL 33401
        Telephone: 561.538.9050
        kellyhyman@thehymanlawfirm.com

        **DOUGLAS & LONDON, P.C.**
        Randolph Janis, Esq.
        *Application to be made Pro Hac Vice*
        Douglas and London, P.C.
        59 Maiden Lane, 6th Floor
        New York, NY 10038
        Telephone: (212) 566-7500
        Fax: (212) 566-7501
        rjanis@douglasandlondon.com

        ***Attorneys for Plaintiff***