IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1584-MEH

P.C., an individual

    Plaintiff

v.

D FORT HOTEL, LLC.

    Defendant.

---

### MOTION TO DISMISS

---

Defendant D Fort Hotel, LLC ("D Fort"), by and through its undersigned counsel, Resnick & Louis, P.C. respectfully moves for entry of an Order dismissing Plaintiff's claims in this case without prejudice in accordance with Fed.R.Civ.P. 12(b)(1) and (6).

### CONFERRAL CERTIFICATE

Undersigned counsel hereby certifies that he conferred in good faith with Plaintiff's counsel of record concerning this motion in accordance with D.C.COLO.LCivR 7.1(a). Plaintiff will oppose this motion.

### I. INTRODUCTION

**A.    Summary of Relief Requested**

Because the June 6, 2024 Complaint (ECF No. 1) fails to state a claim under the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1595 ("TVPRA"), D Fort is entitled to entry of an Order dismissing that claim without prejudice. Because dismissal of Plaintiff's TVPRA claim will deprive this Court of any basis for exercising jurisdiction over Plaintiff's claim

1

arising under Colorado law, D Fort is entitled to entry of an Order dismissing all claims in this case without prejudice.

**B.     Pleaded Facts**

1.     Plaintiff alleged that she was "sex trafficked" at D Fort's hotel in 2022.  ECF No. 1, p. 4, ¶ 20.

2.     Plaintiff alleged that D Fort owned and operated the hotel at the time the alleged sex trafficking occurred.  ECF No. 1, p. 4, ¶ 21.

3.     Plaintiff alleged that D Fort knew or should have known about sex trafficking on its premises through "sex trafficking red flags," including

- a. "foot traffic" to its rooms;
- b. physical appearance of "trafficked victims;"
- c. "suspicious individuals loitering outside the hotel rooms;"
- d. weapons, cash, drugs, drug paraphernalia, condoms, and lubricants "in plain sight" of housekeeping staff;
- e. [unidentified] "trafficker monitoring hotel hallway" or the door of a rented room or walking the hotel perimeter;
- f. Plaintiff soliciting customers in hotel common areas;
- g. other [unspecified] "commonly known sex trafficking red flags" which D Fort "knew or should have known" about; and
- h. "multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts."

ECF No. 1, pp. 7-8, ¶ 45; p. 9, ¶ 52.

4.     Plaintiff also alleged that D Fort negligently failed to protect Plaintiff against "reasonably foreseeable" criminal acts, and that D Fort "knew, or should have known, that persons lawfully on the subject premises . . . could have been victimized by, or subjected to criminal activities" including sex trafficking.

## II. ARGUMENT

A.      Fed.R.Civ.P. 12(b)(6)

1.      "The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A complaint must contain 'enough facts to state a claim for relief that is plausible on its face.'" Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, 993 F.3d 802, 811 (10th Cir. 2021) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting* Bell Atl. Corp. v.Twombly, 550 U.S. 544, 570 (2007)). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017).

2.      "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do[,] . . . [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

B.      TVPRA Claims

1.      Section 1591 of the TVPRA defines sex trafficking as commercial sex activity

3

either involving a minor or where "force, threats of force, fraud, coercion . . ., or any combination of such means [is] used to cause [a] person to engage in a commercial sex act." 18 U.S.C. § 1591(a). In outlining the private right of civil action for victims, § 1595 provides that victims

> may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney fees.

18 U.S.C. § 1595(a) (emphasis added).

2. The statute affords a civil remedy both against individuals who directly perpetrate trafficking and against individuals who financially benefit from participation in the trafficking venture. Even conditionally accepting as true the operative facts alleged in the Complaint, Plaintiff has failed to allege facts sufficient to establish a tacit agreement between D Fort and Plaintiff's trafficker that the venture would involve commercial sex activity by "force, threats of force, fraud, [or] coercion," as required for relief under the TVPRA. *See* 18 U.S.C. § 1591(a). The operative facts are that Defendant rented rooms to certain individuals whom Plaintiff alleged were using the rooms as a venue to force Plaintiff to unwillingly engage in sex acts for profit. The allegations do not state that any employee or other representative of D Fort witnessed any such acts or otherwise had either direct or indirect knowledge of them.

4. Although Plaintiff alleged indicia of commercial sex activity, when the victim is an adult, § 1591 only provides a remedy for commercial sex activity involving "force, threats of force, fraud, [or] coercion." 18 U.S.C. § 1591(a). It is the force or coercion element that is absent from the Complaint. The allegations of fact, if conditionally accepted as true for the purposes of this motion, support an inference that Plaintiff and the unnamed persons described in the Complaint

4

engaged in sex activity in D Fort's hotel. Those allegations may even support an inference of commercial sex activity. The Complaint did not allege that any of D Fort's personnel witnessed non-consensual sex activity (or, indeed, any sex activity at all) or witnessed Plaintiff being threatened or assaulted by her alleged trafficker. Noticeably absent from the Complaint is any allegation that Plaintiff directly requested assistance from D Fort's personnel, left notes for D Fort's personnel alerting them to the situation, or otherwise supporting inference (a) that Plaintiff's participation in any of the described activities was other than voluntary or, if it was involuntary, (b) that D Fort had reason to know that Plaintiff's participation was not voluntary.[1]

5.   Because these allegations alone are not sufficient for the Court to conclude that D Fort ever witnessed signs of commercial sex activity by "force, threats of force, fraud, [or] coercion," as opposed to commercial sex activity generally, these facts do not establish D Fort's participation in a venture engaged in sex trafficking under the TVPRA. *See also*, *generally*, Doe #1 v. Red Roof Inns, Inc., *et al.*, 21 F.4th 714 (11th Cir. 2021); A.B. v. Hilton Worldwide Holdings,

---

[1] *See e.g.* Ricchio v. McLean, 853 F.3d 553 (1st Cir. 2017). In Ricchio, the First Circuit found a plausible TVPRA claim against motel operators based on allegations that the trafficker "had prior commercial dealings with the [operators], which the parties wished to reinstate for profit" and that, by renting a room to the abuser, the operators were "associating with him in an effort to force [the plaintiff] to serve their business objective." Id. at 555. In Ricchio, the trafficker and the motel operator-who were a husband and wife that lived in the motel themselves - "had prior commercial dealings . . ., which the parties wished to reinstate for profit." 853 F.3d at 555. In fact, the motel operator and the trafficker "exchang[ed] high-fives in the motel's parking lot while speaking about 'getting this thing going again,' in circumstances in which [the trafficker's] coercive and abusive treatment of [plaintiff] as a sex slave had become apparent to [the operator]." Id. And the operator had "nonchalantly ignored [plaintiff's] plea for help in escaping from [the trafficker's] custody at the motel" and likely seen the trafficker "grab [plaintiff], kick [plaintiff], and force [plaintiff] back toward the rented quarters . . . ." Id.  It was under these circumstances that the First Circuit held that it was reasonably inferable that the motel operator and trafficker were working together "to force [plaintiff] to serve their business objective." Id.

5

Inc., 484 F.Supp.3d 921 (2020).  Accordingly, the Complaint should be dismissed for failure to state a claim in accordance with Fed.R.Civ.P. 12(b)(6).

**C.     Pendent/Supplemental Jurisdiction**

1.     This Court has original jurisdiction over the subject matter of Plaintiff's TVPRA claims.  The Complaint purported to assert a Colorado common-law negligence[2] claim based upon the recitation of facts offered in support of his TVPRA claim.  Where both federal and state claims are asserted, and the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," federal courts may exercise supplemental jurisdiction.  28 U.S.C. § 1367(a).

2.     When "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), courts must dismiss pendent state law claims without prejudice "absent compelling reasons to the contrary." Brooks v. Gaenzle, 614 F.3d 1213, 1230 (10th Cir. 2010) (*quoting* Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995) (reversing the district court's grant of summary judgment on state law claims), *abrogated on other grounds by* Torres v. Madrid, 141 S.Ct. 989 (2021)).  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." Thatcher Enters. v. Cache Cty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).  Here, there are no compelling reasons to the contrary.  The parties have not exchanged disclosures, engaged in discovery, or expended substantial time or

---

[2] Because Plaintiff claims injury occurring on the real property of another and by reason of activities conducted or circumstances existing on such property, Plaintiff's claim arises, if at all, under C.R.S. § 13-21-115, which affords Plaintiff's exclusive remedy.  *E.g.* Sweeney v. United Artists Theater Circuit, 119 P.3d 538 (Colo.App. 2005); Raup v. Vail Summit Resorts, Inc., 160 F.Supp.3d 1285 (D.Colo. 2016).  However, characterization of Plaintiff's claim as a negligence claim or a premises liability claim is immaterial to this Court's jurisdictional analysis under Fed.R.Civ.P. 12(b)(1) and 28 U.S.C. § 1367.

expense preparing for trial. Thus, no unfair prejudice would inure to either party from dismissal of Plaintiff's state law claim without prejudice.

### III. CONCLUSION

For the foregoing reasons, D Fort is entitled to entry of an Order dismissing Plaintiff's Complaint without prejudice. D Fort respectfully moves for entry of such an Order and requests such other and further relief as this Court deems just and proper.

**DATED:** August 8, 2024                                   Respectfully submitted,


                                                            */s/ Kurt C. Temple, Esq.*
                                                            Kurt C. Temple, Esq.
                                                            Giovanni Camacho, Esq.
                                                            **RESNICK & LOUIS, P.C.**
                                                            DTC Corporate Center III
                                                            7900 East Union Avenue, Suite 1100
                                                            Denver, Colorado 80237
                                                            ktemple@rlattorneys.com
                                                            gcamacho@rlattorneys.com
                                                            Phone & Fax: 720-874-9082

### CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served upon all counsel of record using CM/ECF.


By:     */s/Kurt C. Temple*

7