IN THE UNITED STATES DISTRICT COURT
OF COLORADO

| | | |
|---|---|---|
| P.C. | ) | |
|    Plaintiff, | ) | Case No.: 1:24-cv-1584-MEH |
| | ) | |
| vs. | ) | **PLAINTIFF P.C.'S RESPONSE** |
| | ) | **AND MEMORANDUM OF LAW** |
| | ) | **IN OPPOSITION TO** |
| D FORT HOTEL, LLC | ) | **DEFENDANT'S RULE 12(b)(6)** |
| | ) | **MOTION TO DISMISS** |
| | ) | |
|    Defendant. | ) | |
| | ) | |

Plaintiff P.C. hereby files this opposition to the Motion to Dismiss filed by D FORT HOTEL, (hereinafter "Defendant") [ECF No. 11]. For the reasons set forth herein, Plaintiff respectfully submits that Defendant's dismissal motion should be denied in its entirety.

I.   INTRODUCTION

The foregoing lawsuit is a personal injury lawsuit in which Plaintiff alleges that in violation of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. §1595, P.C. was sex trafficked at Defendant's premises located at 3900 East Mulberry St. State Hwy 14, Fort Collins, Colorado 80524 in 2022. [ECF No. 1 at ¶¶ 2, 6, 9, 28-53].

The Complaint alleges two counts, i.e., (1) that Defendant violated 18 U.S.C. § 1595 of the Trafficking Victims Protection Reauthorization Act. [ECF No. 1 at ¶¶ 25-53] and (2) a count sounding in negligence. [ECF No. 1 at ¶¶ 54-86]

The TVPRA provides sex-trafficking victims with a civil remedy against "the perpetrator" *or* "whoever knowingly benefits, financially or by receiving anything of value from participation in

1

a venture which that person knew or should have known has engaged in [sex trafficking]." 18 U.S.C. § 1595(a). Plaintiff does not allege that Defendant is a perpetrator of sex-trafficking. Rather, she seeks relief under the beneficiary theory.

Plaintiff's complaint pleads facts sufficient to state a claim for relief against Defendant under a beneficiary theory of liability as provided by the TVPRA.

Defendant's motion should be denied in its entirety as the arguments relied upon by movant wholly fail; more specifically:

- Movant misconstrues the subject statute as requiring the trafficker and Defendant to tacitly agree with joint criminal intent to engage in sex trafficking by force, fraud and/or coercion involving the Plaintiff. However, the statute as it pertains to this case (i.e., a beneficiary claim) instead requires demonstrating Defendant knowingly benefited financially from participation in a venture which Defendant knew or *should have known* was engaged in an act in violation of the TVPRA. Such is plausibly alleged herein. [ECF No. 1 at ¶¶ 26-48].

- Movant erroneously contends that Plaintiff's Complaint does not state, or allege, that Defendant's employees or staff members knew or should have known about the sex trafficking occurring with Plaintiff on the subject premises in violation of the TVPRA. Such is indeed plausibly alleged herein. [ECF No. 1 at ¶¶ 2, 10-15, 31-48].

- Movant erroneously contends that the force or coercion element is absent from Plaintiff's Complaint. Such is indeed alleged herein. [ECF No. 1 at ¶¶ 1,3, 6, 27, 31, 36, 45]. More so, many courts that have upheld TVPRA claims have noted the presence of non-conclusory allegations of some form of violence or fraud. See, e.g., *A.B. v. Marriott Int'l, Inc*., 455 F. Supp. 3d 171, 192-94 (E.D. Pa. 2020) (upholding TVPRA allegations that victim exhibited visible signs of injury); *A.B. v. Extended Stay Am. Inc*., No. 3:22-cv-05939, 2023 U.S. Dist. LEXIS 162568, 2023 WL 5951390, at *6 (W.D. Wash. Sept. 13 2023) (collecting cases in which the plaintiff successfully pleaded TVPRA claims through non-conclusory allegations of violence by trafficker(s)). In the instant matter, Plaintiff has similarly set forth allegations referencing and inferring violence. See, e.g., ECF No. 1 at ¶45 [alleging Plaintiff walking around the hotel in "sexually explicit clothing" with "bruises", "drug impaired", "malnourished" and further alleges "weapons" observed and in plain sight of housekeeping]. See also, ECF No, 1 at ¶ 6 alleging Plaintiff as being "physically prohibited from escape by her trafficker".

- Defendant's reliance on *Doe v. Red Roof Inns, Inc*., 21 F.4th 714, 726 (11th Cir. 2021) is flawed and misplaced in that said opinion pertains to franchisors and

2

allegations, in particular, that defendant participated in a "sex trafficking venture." The instant action was brought only as to the owner and operator – not against a franchisor and Plaintiff herein does not allege that defendant participated in a "sex trafficking venture."  (Id. at ¶¶ 2, 36-48].

## II. LEGAL ARGUMENT

A. **Plaintiff's complaint contains sufficient facts to provide fair notice to Defendant of Plaintiff's claims against it.**

1. **Legal standard for notice pleading pursuant to Rule 8(a).**

The Federal Rules of Civil Procedure require that a complaint must set forth, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, the U.S. Supreme Court has directed that a cause of action for failure to state a claim should be dismissed *only* when the factual allegations fail "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard is met when the plaintiff pleads enough factual content to draw the reasonable inference that the defendant is liable for the misconduct alleged. *C.T. v. Red Roof Inns, Inc.*, 2023 U.S. Dist. LEXIS 87727, *3-4. District courts must accept all well-pleaded allegations within the complaint as true. *Twombly*, 550 U.S. at 555.

Further, courts must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *Ideal Frame Co. v. Decision HR USA, Inc.,* 2017 U.S. Dist. LEXIS 118930 (M.D. Fla.  March 22, 2017) ("When ruling on a motion to dismiss the Court must accept as true the factual allegations in the complaint."). Determining whether a complaint sets forth a plausible claim for relief will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *James v. Bartow Cty.*, 798

3

F. App'x 581, 583 (11th Cir. 2020) (citing *Iqbal*, 556 U.S. at 679). Further, the plausibility standard does not impose a probability requirement at the pleading stage. *Iqbal*, 556 U.S. at 678. *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (when reviewing a motion to dismiss, courts must accept a complaint's factual allegations as true and view the facts in the light most favorable to the plaintiff).

Here, Plaintiff has alleged sufficient facts to put Defendant on notice of the claims against it such that Defendant's Motion to Dismiss should be denied.

2. **Plaintiff P.C. sufficiently sets forth a claim for violation of § 1595 of the TVPRA.**

Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. *See* 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers and/or the beneficiaries of the sex trafficking ventures. *See* 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) **a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter**." 18 U.S.C. § 1595(a) (emphasis added).

As to the knowledge element regarding the third cause of action, (i.e., a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter), courts have held that constructive knowledge is sufficient to support liability. *See S.Y. v. Naples Hotel Co.*, No. 2:20-cv-118, 2020

4

U.S. Dist. LEXIS 139013, at *11 (M.D. Fla. Aug. 5, 2020); *M.A. v. Shree Hotels & Resorts, Inc.*, 425 F.Supp.3d 959, 964 (S.D. Ohio 2019) (the standard is that defendant knew or should have known the venture was engaged in trafficking and allegations that a defendant rented rooms to people it knew or should have known were engaged in sex trafficking are sufficient to show defendants participated in a venture); *H.H. v. G6 Hosp., LLC*, No. 2:19-CV-755, 2019 U.S. Dist. LEXIS 211090 (S.D. Ohio Dec. 6, 2019). Here, Plaintiff's action against Defendant stems from the civil cause of action permitted by the TVPRA.

Because Plaintiff does not allege that Defendant was the *perpetrator* of the sex trafficking in violation of §1591(a) but rather that it knowingly financially benefited from said sex trafficking on the premises of the subject hotel, Plaintiff is not required to allege that Defendant had the prerequisite *mens rea* required under §1591 for criminal convictions. Instead, under §1595(a), in order to sufficiently allege Defendant's liability under a beneficiary theory, Plaintiff is only required to allege that: (1) Plaintiff was a victim of sex trafficking, (Compl., ECF No. 1 at ¶¶ 1, 4, 6, 26, 29); (2) Defendant knowingly benefited financially or by receiving anything of value (Id. at ¶¶ 28-36); (3) from participating in a venture (Id. at ¶¶ 36-48); and (4) that Defendant knew or should have known was involved in sex trafficking. (Id. at ¶¶ 2, 10-15, 31-48). *See also M.A.*, 425 F.Supp.3d at 964; *A.B. v. Marriott International Inc.*, No. 2:19-cv-05770-MAK, 2020 U.S. Dist. LEXIS 70644, *34 (E.D. Pa. April 22, 2020). Plaintiff has plausibly alleged the foregoing elements in her Complaint.

    a.    **Plaintiff was a victim of sex trafficking.**

Plaintiff alleges that her trafficker induced her to engage in commercial sex acts by means of force, fraud and coercion. (See, e.g., Compl., ECF No. 1 at ¶¶ 6, 27-30, 45).

Plaintiff clearly alleges a distinct time frame for when the subject sex trafficking occurred; more particularly, that Plaintiff was trafficked at the subject hotel during the year 2022. Ongoing

5

discovery will pinpoint exact dates during that time period as plaintiff has yet to have access to the hotel's registration database which is presently in exclusive control of defendant. Plaintiff has alleged sufficient facts as to the time frame to put Defendant on notice of the claims.

Movant contends (erroneously) that there is no allegation setting forth that Plaintiff's trafficker engaged in force, fraud and/or coercion to induce Plaintiff to have sex with others. Such is not the case. (See, e.g., Compl., ECF No. 1 at ¶¶ 1,3, 6, 27, 31, 36, 45).

      b.      **Defendant knowingly benefited financially.**

Plaintiff has plausibly alleged the knowingly benefitted element of §1595 by alleging that the Defendant herein, the hotel owner and operator, financially benefited from room rentals to Plaintiff's trafficker. (See, e.g., Compl., ECF No. 1 at ¶¶ 28-36).

Several district courts have found that the rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the § 1595(a) standard. See, e.g., *C.T. v. Red Roof Inns, Inc.*, 2023 U.S. Dist. LEXIS 87727, *8. See, *S.Y. v. Holiday Hosp. Franchising*, LLC, 2021 U.S. Dist. LEXIS 85011, *11, (wherein the Court held that Plaintiff sufficiently satisfied the "knowingly benefitted" prong by means of alleging that the hotel benefitted "by receiving payment for the rooms rented for Plaintiff S.Y. and her traffickers at the Staybridge Suites" and by receiving "other financial benefits in the form of food and beverage sales and ATM fees from those persons who were engaging in sex trafficking". *See* also, *A.B.*, 2020 U.S. Dist. LEXIS 70644, *38. ("[T]he rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the § 1595(a) standard."). See also, *T.E. v. Wyndham Hotels & Resorts, Inc.*, 2023 U.S. Dist. LEXIS 151985, *12, dated August 28, 2023, (providing "the rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the § 1595(a) standard."

Consequently, Plaintiff has sufficiently alleged that Defendant "knowingly benefited" as

6

required under §1595 of the TVPRA. (See, e.g., Compl., ECF No. 1 at ¶¶ 28-32).

      c.     **Defendant participated in the sex trafficking of Plaintiff by operating a hotel that rented a room to Plaintiff's trafficker.**

Plaintiff has plausibly alleged that Defendant participated in a venture that violated the TVPRA. Defendant's reliance on *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021) is flawed and misplaced in that said opinion pertains to franchisors and not an owner and operator. The instant action was brought only as to the defendant herein, i.e., the owner and operator. (See, Compl., ECF No. 1 at ¶ 2).

Within the concurring opinion of the aforesaid *Doe #1* case, Judge Jordan wrote "our opinion addresses the plaintiffs' TVPRA "beneficiary" claims against franchisors who do not operate or manage the hotels at which sex trafficking allegedly occurred." (Emphasis added). Per said concurring opinion, "similar claims against those who own operate or manage the hotels in question (e.g. franchisees) would withstand a Rule 12(b)(6) motion." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726. (Emphasis added). Thus, Defendant's reliance on said case is misplaced.

The Eleventh Circuit has defined "participation in a venture" as "t[aking] part in a common undertaking or enterprise involving risk and potential profit." *Red Roof Inns*, 21 F.4th at 725. Operating hotels is an enterprise involving risk and potential profit. *C.T. v. Red Roof Inns, Inc.*, No. 2:22-cv-834-JES-KCD, 2023 U.S. Dist. LEXIS 87727, *10 (M.D. Fla. March 11, 2023).

"[L]iability under §1595 [for non-perpetrator beneficiary claims] can attach when an individual or entity participates in a venture that is not specifically a sex trafficking venture and participation is not direct participation in sex trafficking." *M.A.* 425 F.Supp. 3d at 968-970; *see also Jean Charles v. Perlitz*, 937 F. Supp. 2d 276, 289 (D. Conn. 2013) (finding defendants participated in a venture where they maintained affiliations with a school where the sex trafficking of minors was taking place); *Bistline v. Parker,* 918 F.3d 849, 876 (10th Cir. 2019) (finding that "[i]n the context

of a motion to dismiss, allegations that the defendants were aware of the crimes being committed, tacitly approved of the conduct by not exposing the crimes and benefiting from payment from the venture, create a reasonable inference that defendants participated in the venture"); *Gilbert*, 2019 U.S. Dist. LEXIS 166957, **46-51 (holding that entire venture itself does not have to be actively engaged in TVPRA violations, and that the defendant's participation does not need to be an overt act in furtherance of the other members' of the venture TVPA violation); *A.B.*, 2020 U.S. Dist. LEXIS 70644 (noting that the "rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet [the knowingly benefitted financially] element of the § 1595(a) standard"); *S.W. v. Lorain-Elyria Motel, Inc.,* No. 2:19-CV-1194, 2020 U.S. Dist. LEXIS 44961 (S.D. Ohio Mar. 16, 2020) (same). See, *G.G. v. Salesforce.Com, Inc., 2023 U.S. App. LEXIS 20031, *14 (*holding that the text of Section 1595 does not say "sex-trafficking venture," but only "venture." 18 U.S.C. § 1595(a).

It is further alleged a continuous business relationship existed between the subject hotel, its agents, staff and employees, and Plaintiff's trafficker in that the hotel repeatedly rented rooms to individuals it knew or should have known were involved in sex trafficking on the premises including as to Plaintiff ([ECF No. 1 at ¶¶ 43). And it is alleged that Plaintiff's trafficker had prior commercial dealings with the subject hotel which the trafficker and the Defendant wished to reinstate for profit when Plaintiff's trafficker repeatedly rented rooms that were used for trafficking including as to the Plaintiff (Id. at ¶ 44). Additionally, Plaintiff alleges a direct agreement between the trafficker and staff in that staff were paid to be lookouts and informants to the trafficker and to alert the trafficker if police were coming (Id. at ¶37). See, *J.G. v. Northbrook Indus.*, 619 F. Supp. 3d 1228, 1235, (providing that these kinds of allegations would establish a hotel operator's participation in a venture with a sex trafficker.)   See *J.C. v. Riti. Inc.*. No. 1:22-CV-848-MHC, at 12 (N.D. Ga. Oct. 18, 2022) (denying motion to dismiss where the complaint

8

alleged that Riti's employees aided the trafficker by alerting him when foot traffic was too heavy and likely to gain the attention of law enforcement or generate guest complaints); *J.C. v. Yash Luv*. No. 1:22-CV-00846-SEG, at 13-14 (N.D. Ga. Sept. 1, 2022) (denying motion to dismiss where the complaint alleged that the defendant acted as a lookout for the traffickers); *J.C. v. I Shri Khodiyar, LLC*, No. 1:22-CV-00844-SEG, 2022 U.S. Dist. LEXIS 176712, 2022 WL 4482736, at *4-5 (N.D. Ga. Aug. 29, 2022) (same); *J.G. v. Northbrook Indus.*, 619 F. Supp. 3d 1228, 2022 WL 4482735, at *4 (denying motion to dismiss where the plaintiff alleged that the hotel's employees acted as lookouts for the traffickers and notified them of increased police activity and guest complaints); A.*G. v. Northbrook Indus. Inc.*, No. 1:20-CV-0-5231-JPB, 2022 U.S. Dist. LEXIS 93264, 2022 WL 1644921, at *3 (N.D. Ga. May 24, 2022) (denting motion to dismiss where the plaintiff alleged that the defendant's employees acted as lookouts); *G.W. v. Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, at 4 (N.D. Ga. May 24, 2022) (same); *Jane Doe I v. Red Roof lnns. Inc.,* No. 1:19-CV-3840-WMR, at 18 (N.D. Ga. Feb. 3, 2021) (same).

The allegations set forth in Plaintiff's Complaint are sufficient to allege participation in a venture under section 1595(a). *See S. Y. v. Best W. Int'l*, No: 2:20-cv-616-JES-MRM, 2021 U.S. Dist. LEXIS 106139, **9-10 (M.D. Fla. June 6, 2021); *see also Doe v. Rickey Patel, LLC,* No. 0:20-60683-WPD-CIV, 2020 WL 6121939, *5 (S.D. Fla. Sept. 30, 2020) ("The Court finds it sufficient for Plaintiff to plead that Defendants participated in a venture by renting rooms to individuals that knew or should have known were involved in sex-trafficking, including the sex-trafficking victim."); *M.A.,* 425 F. Supp. 3d at 971 ("This Court finds Plaintiff has alleged sufficient facts to show Defendants 'participated in a venture' under § 1595 by alleging that Defendants rented rooms to people it knew or should have known where [sic] engaged in sex trafficking.")

See also, *G.G. v. Salesforce.Com, Inc.,* 2023 U.S. App. LEXIS 20031, *14-15, providing that:

> "[W]hile Section 1595 does not define the term "venture," Section 1591's definition cuts against construing a "venture" narrowly as limited to a venture that is primarily a sex-trafficking venture. Section 1591 defines "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. § 1591(e)(5). While we decline to import Section 1591's definition into Section 1595, we think it safe to assume that Congress did not intend "venture" in Section 1595, which establishes civil liability, to be any more demanding than "venture" [*15] in Section 1591, which establishes criminal liability. See *Peyton v. Rowe*, 391 U.S. 54, 65, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968) (applying "canon of construction that remedial statutes should be liberally construed"). Because Congress did not define a "venture" under Section 1591 as necessarily or primarily involving criminal conduct, we will not impose such a requirement under Section 1595)."

And *G.G.* further held, in part:

> "the Eleventh Circuit has acknowledged, the alleged venture can be a "*commercial* venture[]" like running or expanding a business. See *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 727 (11th Cir. 2021) (emphasis added). While a "venture" can certainly run the gamut from an isolated act of sex trafficking to an international sex-trafficking enterprise, it can also be a business whose primary focus is not on sex trafficking".

In *Doe #1*, the Eleventh Circuit emphasized that its decision was based on the complaint's allegations of "sex trafficking ventures" and not "commercial ventures." 21 F.4th at 726-27. In the instant case, Plaintiff alleges the latter. [ECF No. 1 at ¶¶ 2, 36-48]. See also, *C.T. v. Red Roof Inns, Inc.*, 2023 U.S. Dist. LEXIS 87727, *9-10.

Plaintiff's allegations are substantially similar to those made by the sex trafficking victims in both *M.A.* and *A.B.* in which both district courts held that the plaintiffs there had sufficiently alleged facts sufficient to show the defendants participated in a venture under § 1595 by alleging that defendants rented rooms to people it knew or should have known where engaged in sex trafficking, thus facilitating the sex trafficking venture. *M.A.,* 425 F. Supp. 3d at 971; *A.B.*, 2020 U.S. Dist. LEXIS 70644, **41-42. See also, *J.G. v. Northbrook Indus.*, 619 F. Supp. 3d 1228, 1235.

### d. Defendant knew or should have known of the sex trafficking occurring on the subject premises as it pertained to Plaintiff.

Movant asserts that Plaintiff has failed to allege that Defendant knew or should

have known about red flags indicating sex trafficking on the premises in particular as to Plaintiff. Plaintiff has plausibly alleged same. (See, ECF No.1 at ¶¶ 2, 10-15, 31-48).

Because Plaintiff's claims are standalone financial beneficiary claims "under § 1595(a), which uses the words 'should have known,' and because Plaintiff has alleged that Defendant knew or should have known of the sex trafficking occurring on their premises as it pertains to Plaintiff, a negligence standard is appropriate. *A.B.*, 2020 U.S. Dist. LEXIS 139013, **12-14; *M.A.,* 425 F.Supp.3d at 965 ("this Court rejects Defendant's argument that [plaintiff] relies solely on a theory of actual knowledge. [Plaintiff] brings a claim under § 1595(a), which uses the words 'should have known,' and therefore invokes a negligence standard, not knowledge through willful blindness."); *H.H.*, 2019 U.S. Dist. LEXIS 211090, **9-10. As such, Plaintiff "does not need to prove reckless disregard under §1595(a), only that the Defendants 'should have known' about the nature of the subject sex trafficking under a negligence standard [and] this does not require evidence of actual knowledge or conspiracy between the Defendants and the trafficker." *M.A.,* 425 F.Supp.3d at 966; *A.B.*, 2020 U.S. Dist. LEXIS 139013, **12-14; *Gilbert*, 2019 U.S. Dist. LEXIS 166957, **36-39 (affirming that for non-perpetrator liability under §1595(a) the standard is "knew or should have known"); *A.B.*, 2020 U.S. Dist. LEXIS 70644, **32-34.

Plaintiff has alleged indicators of ongoing sex trafficking activity, i.e., red flags, at the subject hotel associated in particular with the trafficking of the Plaintiff. (See, e.g., Compl., ECF No. 1 at ¶¶ 37-48).

Notably, the Court in *G.G.* held in part:

"In short, we agree with the majority of courts that have addressed Section 1595's constructive-knowledge requirement that the statutory text does not require allegations and ultimately proof that the defendant knew or should have known of the specific victim who has brought the civil action. To state a claim under Section 1595, a plaintiff needs to allege plausibly that the defendant had constructive knowledge that a venture *generally* has

11

violated Section 1591. Knowledge of the specific victim, let alone knowledge of her identity is not required."

In any event, in this matter Plaintiff has indeed alleged that Defendant knew or should have known the venture violated the TVPRA as to the Plaintiff. (See, e.g., Compl., ECF No. 1 at ¶¶ 26, 27, 31, 32, 34, 36-48).

To establish the knowledge element of her TVPRA claim, P.C. need only assert facts supporting defendant's constructive knowledge of the sex trafficking occurring on its premises, e.g., that defendants "rented rooms to people they knew or should have known were engaging in sex trafficking." See B.M., 2020 U.S. Dist. LEXIS 135494, 2020 WL 4368214 at *5. Such is alleged herein. (See, Compl., ECF No. 1 at ¶ 32, 36-48).

Plaintiff does allege, and infer, that Defendant's staff and employees observed or witnessed indicators of sex trafficking. (See, e.g., Compl., ECF No. 1 at ¶¶ 32, 36-48).

Furthermore, it is alleged that the housekeeping staff knew, or should have known, about the nature of the sex trafficking pertaining to the Plaintiff, in part, by means of observing in the room rented by the trafficker "weapons, cash, drugs, drug paraphernalia, condoms, lubricants" and "constant foot traffic of sex buyers to the trafficker rented rooms to have sex with trafficked victims" (Id. at ¶ 45).

Many courts that have upheld TVPRA claims have noted the presence of non-conclusory allegations of some form of violence or fraud. See, e.g., *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 192-94 (E.D. Pa. 2020) [hereinafter "*A.B. v. Marriott* E.D. Pa."] (upholding TVPRA allegations that victim exhibited visible signs of injury and staff heard "constant and loud" assaults by trafficker upon victim); *T.P. v. Wyndham Hotels & Resorts, Inc.*, No. 2:21-cv-04933, 2022 U.S. Dist. LEXIS 217315, 2022 WL 17363234, at *8 (S.D. Ohio Dec. 1, 2022) (upholding TVPRA claim when plaintiff alleged visible injuries and that her trafficker openly beat her in front of hotel

12

staff); *Lundstrom v. Holiday Hosp. Franchising, LLC*, No. 1:22-cv-056, 2023 U.S. Dist. LEXIS 119435, 2023 WL 4424725, at *8 n.3 (D.N.D. May 22, 2023); *K.B. v. Inter-Continental Hotels Corp.*, No. 19-cv-1213, 2020 U.S. Dist. LEXIS 250721, 2020 WL 8674188, at *5-6 (D.N.H. Sept. 28, 2020) (extensive visible injuries, and a severe act of violence by trafficker against victim that caused damage to furniture which hotel noticed); *A.B. v. Extended Stay Am. Inc.*, No. 3:22-cv-05939, 2023 U.S. Dist. LEXIS 162568, 2023 WL 5951390, at *6 (W.D. Wash. Sept. 13 2023) [hereinafter "*A.B. v. Extended Stay*"] (collecting cases in which the plaintiff successfully pleaded TVPRA claims through non-conclusory allegations of violence by trafficker(s)).

Set forth in Plaintiff's complaint are allegations that, in a similar fashion to the cases cited in the paragraph above, plausibly produce inferences of trafficking by force or fraud. See, e.g. ECF No. 1 at ¶ 45), alleging Plaintiff walking around the hotel in "sexually explicit clothing" with "bruises", "drug impaired", "malnourished" and further alleges "weapons" observed and in plain sight of housekeeping]. See also, ECF No, 1 at ¶ 6 alleging Plaintiff as being "physically prohibited from escape by her trafficker". It is alleged that these, and other indicators of sex trafficking, were witnessed by the staff and alleged that the staff noticed these to be signs of sex trafficking (Id. at ¶¶ 37, 46-48). *See also, J.G. v. Northbrook Indus.*, 619 F. Supp. 3d 1228, 2022 WL 4482735, at *4 (denying motion to dismiss where the plaintiff alleged that the hotel's employees observed the plaintiff and other trafficking victims' inappropriate appearances, dozens of adult men went into the plaintiffs hotel room, and condoms, drugs, and weapons were located in the plaintiffs hotel room); *Jane Doe I v. Red Roof Inns*, No. 1:19-CV-3840-WMR, at 18 (N.D. Ga. Feb. 3, 2021) (denying motion to dismiss TVPRA claim where hotel employees observed the condition of the plaintiffs room where the trafficking occurred and the frequency of the victims being trafficked). The Complaint herein contains similar allegations. (See, e.g., Compl., ECF No. 1 at ¶¶ 32-48).

13

As to Plaintiff's negligence cause of action, movant's motion does not address any purported issues with same but rather asks this Honorable Court to dismiss same without prejudice should this Honorable Court grant defendant's motion as to the TVPRA cause of action. For the reasons set forth above, the TVPRA cause of action should not be dismissed and therefore nor should the negligence cause of action.

### III. CONCLUSION

For the reasons set forth above, Plaintiff P.C. respectfully requests that this Court issue an order denying Defendant's dismissal motion in its entirety and granting such other and further relief as the Court deems just and proper under the circumstances.

To the extent this Honorable Court is inclined to grant any of Defendant's requested relief as it applies to their motion to dismiss, Plaintiff respectfully requests that the Court grant any dismissals without prejudice and with leave to amend the Complaint.

Dated: August 19, 2024

**RESPECTFULLY SUBMITTED,**

s/ Randolph Janis
Randolph Janis, Esq.
Douglas and London, P.C.
59 Maiden Lane, 6th Floor New York, NY 10038
Telephone: (212) 566-7500
Fax: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky
Chloe Makowsky, Esq.
Douglas and London, P.C.
59 Maiden Lane, 6th Floor New York, NY 10038
Telephone: (212) 566-7500
Fax: (212) 566-7501
cmakowsky@douglasandlondon.com

14

Kelly Hyman
THE HYMAN LAW FIRM, PA
515 North Flagler Drive, Suite 350
West Palm Beach, FL 33401
Telephone: 561.538.9050
kellyhyman@thehymanlawfirm.com


*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 19, 2024 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ Randolph Janis