IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-1584-MEH

P.C., an individual

    Plaintiff

v.

D FORT HOTEL, LLC.

    Defendant.

---

### REPLY IN SUPPORT OF MOTION TO DISMISS
---

Defendant D Fort Hotel, LLC ("D Fort"), by and through its undersigned counsel, Resnick & Louis, P.C. respectfully replies in support of its motion for entry of an Order dismissing Plaintiff's claims in this case without prejudice in accordance with Fed.R.Civ.P. 12(b)(1) and (6) ("Motion").

### I. INTRODUCTION

Plaintiff P.C.'s Response and Memorandum of Law in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss ("Response") abundantly demonstrates that the Motion should be granted. The Response mischaracterizes Defendant's arguments set forth in the Motion, and offers only conclusory statements rather than referencing actionable allegations of fact in the complaint. Accordingly, the Motion should be granted.

### II. ARGUMENT

**A.**    **Fed.R.Civ.P. 12(b)(6)**

    1.    As discussed in the Motion, this Court need not credit the plaintiff's legal

1

conclusions that are couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**B.     TVPRA Claims**

1. The pivotal question posed by the Motion is, does the Complaint sufficiently allege facts supporting an inference that D Fort knew or should have known that Plaintiff was being forced or coerced to engage in commercial sex acts on its property? The Motion and the Response answer that question in the negative. Again, sex trafficking is defined as commercial sex activity either involving a minor or where "force, threats of force, fraud, coercion . . ., or any combination of such means [is] used to cause [a] person to engage in a commercial sex act." 18 U.S.C. § 1591(a). Mere repetition of the conclusory statement that Defendant "knew or should have known" does not suffice.

2. Absent from the Response is any actual allegation of fact describing how Defendant knew or should have known that a **sex trafficking** operation involving Plaintiff was taking place at D Fort's hotel. The most deferential reading of the allegations of the Complaint may support an inference that D Fort's employees knew or should have known that sex activity was taking place. The allegations may even support an inference that D Fort's employees knew or should have known that **illegal** commercial sex activity, i.e. prostitution, was taking place.[1] The Complaint omitted any factual allegation to suggest that Defendant's employees knew or should have known that Plaintiff's participation in any such activity was involuntary, which is an essential

---

[1] The Response references paragraph 37 of the Complaint, which contained allegations that Plaintiff's trafficker had paid Defendant's employees to "act as lookout(s)/informant(s) for Plaintiff's trafficker so as to inform the trafficker of police activity or other similar type alerts." Assuming, *arguendo*, that the allegations of that paragraph are true, even when taken in the context presented by Plaintiff's conclusory statements, the Complaint does not explain how Defendant could or should have determined that Plaintiff's participation in any of the described activities was other than completely voluntary.

2

element of any claim under 18 U.S.C. § 1595.

3.      Because these allegations alone are not sufficient for the Court to conclude that D Fort's employees had actual or constructive knowledge of commercial sex activity accompanied by "force, threats of force, fraud, [or] coercion," as opposed to commercial sex activity generally, these facts do not establish D Fort's participation in a venture engaged in sex trafficking under the TVPRA.  *See also*, *generally*, Doe #1 v. Red Roof Inns, Inc., *et al.,* 21 F.4th 714 (11th Cir. 2021); A.B. v. Hilton Worldwide Holdings, Inc., 484 F.Supp.3d 921 (2020).  The Motion should therefore be granted.

**C.      Pendent/Supplemental Jurisdiction**

The Response effectively concedes that dismissal of Plaintiff's TVPRA claim should result in dismissal of Plaintiff's state law claim as well.

### III. CONCLUSION

For the foregoing reasons, D Fort is entitled to entry of an Order dismissing Plaintiff's Complaint without prejudice.  D Fort respectfully moves for entry of such an Order and requests such other and further relief as this Court deems just and proper.

**DATED:** August 26, 2024                                              Respectfully submitted,

*/s/ Kurt C. Temple, Esq.*
Kurt C. Temple, Esq.
Giovanni Camacho, Esq.
**RESNICK & LOUIS, P.C.**
DTC Corporate Center III
7900 East Union Avenue, Suite 1100
Denver, Colorado 80237
ktemple@rlattorneys.com
gcamacho@rlattorneys.com
Phone & Fax: 720-874-9082

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served upon all counsel of record using CM/ECF.

By: /s/Kurt C. Temple