IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01584-PAB-MEH

P.C.,

    Plaintiff,

v.

D FORT HOTEL, LLC,

Defendant.

---

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM FOR PRETRIAL PROCEEDINGS**

---

Pursuant to the Court's Order dated September 14, 2024 (ECF No.18), Plaintiff P.C. respectfully moves this Honorable Court to allow the Plaintiff to proceed under the pseudonym "P.C." for pretrial proceedings due to the sensitive nature of the allegations in this case and her status as an alleged sex trafficking survivor.

In support of the instant Motion, the Plaintiff states as follows below.

### I. BACKGROUND

The Plaintiff filed her Complaint on June 6, 2024 alleging two counts, i.e. (1) that Defendant violated 18 U.S.C. § 1595 of the Trafficking Victims Protection Reauthorization. [ECF No. 1 ¶ 25-53] and (2) Negligence [ECF No. 1 ¶ 54-86]. The Plaintiff filed her case under the pseudonym "P.C." and seeks to maintain her pseudonym status in public pre-trial filings with the court.

It is respectfully submitted that because the allegations in the complaint are sensitive,

1

highly personal, and involve the utmost intimacy, the Plaintiff's privacy rights and fear of harm warrant the Court's protection to proceed under a pseudonym.

## II.     STANDARD OF REVIEW

Generally, pleadings must state the names of all parties. Fed. R. Civ. P. 10(a). However, plaintiffs are permitted to proceed under pseudonym under certain circumstances, such as when the issues involved are of a sensitive and highly personal nature. *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992); *Doe v. Neverson*, 820 F. App'x 984, 986–87 (11th Cir. 2020); *S.Y. v. Choice Hotels International, Inc.*, 2021 WL 4167677, at *2 (M.D.Fla., 2021) (allowing victims of sex trafficking at local hotels to proceed pseudonymously in pretrial proceedings using their initials instead of their names).

In cases where a plaintiff demonstrates a need for a pseudonym, a district court should utilize its powers to preserve the plaintiff's anonymity during pretrial proceedings. *Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011) ("[w]here the issues involved are matters of a sensitive and highly personal nature … the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter"); *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 (11th Cir. July 16, 2020) (whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question"); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (holding that the district court erred by failing to consider, *inter alia*, the severity of the threatened injury; the reasonableness of plaintiffs' fears; plaintiffs' vulnerability to retaliation; and failing to identify specific prejudice to defendants).

**III.     ARGUMENT**

Although a complaint must usually state the names of all parties pursuant to Fed. R. Civ. P 10(a),Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure, which permit plaintiffs to proceed anonymously." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001). The Tenth Circuit embraces a balancing test evaluating "(1) if the case involves matters of a highly sensitive and personal nature; (2) real danger of physical harm; (3) or where the injury litigated against would be incurred as a result of the disclosure of the identity." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). The various Courts of Appeals have applied a number of specific factors in employing this balancing test. Overall, the district court must "exercise its discretion in the course of weighing competing interests" whilst using a factor-driven balancing approach. *Sealed*, 537F.3d 185, 190 (2d Cir. 2008) citing *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

The issues in this case involve experiences that are sensitive, highly personal, and of the utmost intimacy. See, *S.Y. v. Choice Hotels International, Inc.*, 2021 WL 4167677, at *2 (M.D. Fla., 2021) (where the Court found that based on the allegations in their complaints, the privacy factor of two survivors of sex trafficking weighed heavily in favor of allowing the plaintiffs to proceed using their initials on court filings). As a survivor of sex trafficking, the Plaintiff herein alleges injuries as a result of the forced sex, sexual assault, and physical violence at the Defendant's hotel property. (ECF No. 1 ¶¶ 6, 9, 18, 26-37, 45, 49). Plaintiff still suffers as a result of the sexual exploitation she endured. (ECF No. 1 ¶¶ 49-53).

Plaintiff was a victim of sex trafficking as she was induced by her trafficker to have sex

3

with others by force, fraud and coercion on the premises of Defendant's hotel. (ECF No. 1 ¶¶ 6, 27-30, 45). Granting pseudonym status is warranted here because this litigation involves the disclosure of sensitive, private, and stigmatizing sexual information. *Doe v. Neverson*, 820 F. App'x 988 (11th Cir. 2020) ("we have held that 'social stigma' is sufficient to warrant proceeding anonymously").

The Plaintiff's privacy and safety interests, as well as the interest in protecting a sex trafficking victim's name in public filings, substantially outweigh the customary practice of judicial openness. *Advanced Textile Corp.*, 214 F.3d at 1068 (joining its 4th, 5th, 10th, and 11th sister circuits, the court held that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity). Plaintiff's Complaint pleads facts sufficient to support Plaintiff's pseudonymous status and demonstrate that her privacy and safety interests substantially outweigh any concerns about the inconvenience of nondisclosure of her identity to the public. (ECF No. 1 ¶¶ 6, 9, 18, 26-37, 45, 49).

Defendant in this case will not be prejudiced by the use of a pseudonym in pretrial public filings. *S.Y. v. Choice Hotels International, Inc.*, 2021 WL 4167677, at *2 (M.D. Fla., 2021) (finding little risk of prejudice to defendants from allowing the use of initials-only). See also, *A.B. v. Shilo Inn, Salem, LLC*, 2023 U.S. Dist. LEXIS 143289, *8 (need for anonymity outweighed any prejudice to the Defendants and the public, thus Court granted leave for Plaintiff to proceed under the pseudonym).

The enforcement of federal sex trafficking laws benefits the public, and the identification of the individual plaintiffs does little, if not nothing, to further community welfare.

Instead, the greater public interest would be significantly harmed if identifying P.C., and other victims like her looking to pursue a cause of action provided by the TVPRA, resulted in an overall chilling effect upon all sex trafficking litigation. Sex trafficking is a growing epidemic that is already difficult to combat and understand because it is vastly underreported. Measures that may have a chilling effect on a party's willingness to litigate are generally considered against public policy. Denying victims of sex trafficking anonymity in the appropriate circumstances – such as here – would only further allow the offenders to continue without detection by the law as they have done for decades.

It is respectfully submitted that Plaintiff's right to privacy, particularly in light of the allegations at the heart of this case, outweighs any countervailing public interest.

### IV.   CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests that this Court grant her motion to proceed for pre-trial proceedings under the pseudonym "P.C."

Dated: September 18, 2023

                                          Respectfully Submitted,

                                          s/*Randolph Janis*
                                          Randolph Janis, Esq.
                                          Douglas and London, P.C.
                                          59 Maiden Lane, 6th Floor
                                          New York, NY 10038
                                          Telephone: (212) 566-7500
                                          Fax: (212) 566-7501

rjanis@douglasandlondon.com

Kelly Hyman
THE HYMAN LAW FIRM, PA
515 North Flagler Drive, Suite 350
West Palm Beach, FL 33401
Telephone: 561.538.9050
kellyhyman@thehymanlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this September 18, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to all parties and or counsel of record in this action.

Respectfully Submitted,

By: */s/ Randolph Janis*
Randolph Janis
Douglas & London, P.C.
Telephone: (212) 566 7500
Facsimile: (212) 566 7501 Email:
rjanis@douglasandlondon.com
Attorney for Plaintiff

6